1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SAMUEL KWESI DADJO

6

7

8           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO/OAKLAND DIVISION

10 SAMUEL KWESI DADJO,                    Case No.
                                          C07  06421
11                      Plaintiff,
                                          COMPLAINT
12 v.
                                          DEMAND FOR JURY TRIAL
13 THOMPSON, MAHAN, & ASSOCIATES,
   INC., D/B/A AMA COLLECTION             15 Unites States Code § 1692 et seq.
14 SERVICES, a California corporation,    California Civil Code § 1788 et seq.

15                      Defendant.

16

17         Plaintiff, SAMUEL KWESI DADJO, based on information and belief and

18 investigation of counsel, except for those allegations which pertain to the named Plaintiff or his

19 attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

20                           I. INTRODUCTION

21         1.    This is an action for statutory damages, attorney fees and costs brought by an

22 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23 § 1692, et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

24 California Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibits debt collectors from

25 engaging in abusive, deceptive and unfair practices.

26                            II. JURISDICTION

27         2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2        3.     This action arises out of Defendant's violations of the Fair Debt Collection

3  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

4  <center>**III.  VENUE**</center>

5        4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8  Defendant transacts business in this judicial district and the violations of the FDCPA complained

9  of occurred in this judicial district.

10  <center>**IV.  INTRADISTRICT ASSIGNMENT**</center>

11        5.     This lawsuit should be assigned to the San Francisco/Oakland Division of this

12  Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred

13  in Alameda County.

14  <center>**V.  PARTIES**</center>

15        6.     Plaintiff, SAMUEL KWESI DADJO (hereinafter "Plaintiff"), is a natural

16  person residing in Alameda County, California.  Plaintiff is a "consumer" within the meaning of 15

17  U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18        7.     Defendant, THOMPSON, MAHAN, & ASSOCIATES, INC., D/B/A AMA

19  COLLECTION SERVICES (hereinafter "AMA"), is a California corporation engaged in the

20  business of collecting debts in this state with its principal place of business located at: 145 East 14th

21  Street, Suite 200, San Leandro, California  94577.  AMA may be served as follows: Thompson,

22  Mahan, & Associates, Inc., d/b/a AMA Collection Services, c/o Richard J. Mahan, Agent for

23  Service,  145 East 14th Street, Suite 200, San Leandro, California  94577.  The principal business

24  of AMA is the collection of debts using the mails and telephone, and AMA regularly attempts to

25  collect debts alleged to be due another.  AMA is a "debt collector" within the meaning of 15 U.S.C.

26  § 1692a(6) and Cal. Civil Code § 1788.2(c).

27  <center>**VI.  FACTUAL ALLEGATIONS**</center>

28        8.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial

<center>-2-</center>
<center>COMPLAINT</center>

1    obligation that was primarily for personal, family or household purposes, namely an account for

2    dental services from Randhawa Dental Corp.  The financial obligation owed by Plaintiff is a "debt"

3    as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal.

4    Civil Code § 1788.2(f).

5        9.    Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned,

6    placed or otherwise transferred to Defendant for collection from Plaintiff.

7        10.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which

8    is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9        11.    A true and accurate copy of the collection letter from Defendant to Plaintiff

10   is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

11       12.    The collection letter (Exhibit "1") is dated March 21, 2007.

12       13.    The collection letter (Exhibit "1") was sent in an envelope on which a postage

13   meter stamp dated March 24, 2007, was imprinted.

14       14.    Plaintiff is informed and believes, and thereon alleges that Defendant

15   deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or

16   about March 24, 2007.

17       15.    The collection letter (Exhibit "1") was Defendant's first written notice

18   initially addressed to Plaintiff in connection with collecting the debt owed to Randhawa Dental

19   Corp.

20       16.    The collection letter (Exhibit "1") was sent in an envelope which contained

21   a window through which information printed on the collection letter could be seen by anyone who

22   handled the collection letter.

23       17.    On or about April 2, 2007, Plaintiff mailed a letter to Defendant which stated:

24   "please be advised that I dispute this debt and refuse to pay."

25       18.    A true and accurate copy of Plaintiff's letter disputing the debt and refusing

26   to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

27       19.    Defendant received Plaintiff's letter disputing the debt and refusing to pay

28   the debt (Exhibit "2") on or about April 3, 2007.

20.     A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

21.     After receiving Plaintiff's letter disputing the debt (Exhibit "2"), Defendant continued its collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

22.     After receiving Plaintiff's letter notifying Defendant of his refusal to pay the debt (Exhibit "2"), Defendant continued to communicate with Plaintiff in an attempt to collect the debt.

23.     Thereafter, Defendant sent a second collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24.     A true and accurate copy of the second collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

25.     The second collection letter (Exhibit "4") is dated April 24, 2007.

26.     The second collection letter (Exhibit "4") was sent in an envelope on which a postage meter stamp dated April 25, 2007, was imprinted.

27.     Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail on or about April 25, 2007.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

28.     Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

29.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27 above.

30.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

-4-

1  1692a(3).

2          31.    Defendant, AMA, is a "debt collector" as that term is defined by the FDCPA,

3  15 U.S.C. § 1692a(6).

4          32.    The financial obligation owed to Randhawa Dental Corp., by Plaintiff is a

5  "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

6          33.    The collection letter and envelope (Exhibit "1") described above violate the

7  FDCPA.  The violations include, but are not limited to, the following:

8          a.    Defendant communicated with third parties in connection with the

9                collection of a debt from Plaintiff without the Plaintiff's prior consent

10               or the express permission of a court of competent jurisdiction, in

11               violation of 15 U.S.C. § 1692c(b);

12         b.    Defendant's display and publication of Plaintiff's personal financial

13               information to third parties in connection with the collection of a

14               consumer debt from Plaintiff is conduct the natural consequence of

15               which is to harass, oppress, or abuse Plaintiff, in violation of 15

16               U.S.C. § 1692d;

17         c.    Defendant published Plaintiff's personal financial information to

18               third parties, in violation of 15 U.S.C. § 1692d(3); and

19         d.    Defendant's display and publication of Plaintiff's personal financial

20               information to third parties in connection with the collection of a

21               consumer debt from Plaintiff is unfair or unconscionable, in violation

22               of 15 U.S.C. § 1692f.

23         34.   Defendant has further violated the FDCPA in the following respects:

24         a.    Defendant continued to communicate with Plaintiff in an attempt to

25               collect the debt owed to Randhawa Dental Corp., after receiving a

26               written notification that Plaintiff refused to pay the debt being

27               collected, in violation of 15 U.S.C. § 1692c(c); and

28         b.    Defendant continued its collection efforts against Plaintiff after

-5-
COMPLAINT

1    receiving a written notification within the 30-day validation period

2    from Plaintiff disputing the debt being collected in its entirety

3    without first obtaining a verification of the debt and mailing a copy

4    of such verification to the Plaintiff, in violation of 15 U.S.C. §

5    1692g(b).

6    35.    Defendant's acts as described above were done intentionally with the purpose

7    of coercing Plaintiff to pay the debt.

8    36.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

9    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

10    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

11    37.    Plaintiff brings the second claim for relief against Defendant under the

12    Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

13    38.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

14    36 above.

15    39.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

16    § 1788.2(h).

17    40.    Defendant, AMA, is a "debt collector" as that term is defined by the

18    RFDCPA, Cal. Civil Code § 1788.2(c).

19    41.    The financial obligation owed to Ranhawa Dental Corp., by Plaintiff is a

20    "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

21    42.    The collection letter and envelope (Exhibit "1") described above violate the

22    RFDCPA.  The violations include, but are not limited to, the following:

23    a.    Defendant communicated with third parties in connection with the

24    collection of a debt from Plaintiff without the Plaintiff's prior consent

25    or the express permission of a court of competent jurisdiction, in

26    violation of 15 U.S.C. § 1692c(b), as incorporated by Cal. Civil Code

27    § 1788.17 and Cal. Civil Code § 1788.12(d);

28    b.    Defendant's display and publication of Plaintiff's personal financial

-6-

COMPLAINT

1  information to third parties in connection with the collection of a
2  consumer debt from Plaintiff is conduct the natural consequence of
3  which is to harass, oppress, or abuse Plaintiff, in violation of 15
4  U.S.C. § 1692d, as incorporated by Cal. Civil Code § 1788.17 and
5  Cal. Civil Code § 1788.12(d);

6  c.  Defendant published Plaintiff's personal financial information to
7  third parties, in violation of 15 U.S.C. § 1692d(3), as incorporated by
8  Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.12(d); and

9  d.  Defendant's display and publication of Plaintiff's personal financial
10  information to third parties in connection with the collection of a
11  consumer debt from Plaintiff is unfair or unconscionable, in violation
12  of 15 U.S.C. § 1692f, as incorporated by Cal. Civil Code § 1788.17
13  and Cal. Civil Code § 1788.12(d).

14  43.  Defendant has further violated the RFDCPA in the following respects:

15  a.  Defendant continued to communicate with Plaintiff in an attempt to
16  collect the debt owed to Randhawa Dental Corp., after receiving a
17  written notification that Plaintiff refused to pay the debt being
18  collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by
19  Cal. Civil Code § 1788.17; and

20  b.  Defendant continued its collection efforts against Plaintiff after
21  receiving a written notification within the 30-day validation period
22  from Plaintiff disputing the debt being collected in its entirety
23  without first obtaining a verification of the debt and mailing a copy
24  of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b),
25  as incorporated by Cal. Civil Code § 1788.17.

26  44.  Defendant's acts as described above were done willfully and knowingly with
27  the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §
28  1788.30(b).

-7-
COMPLAINT

45.     As a result of the Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

46.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

47.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

48.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.     Assume jurisdiction in this proceeding;

b.     Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692c(c), 1692d, 1692d(3), 1692f and 1692g(b);

c.     Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(d) and 1788.17;

d.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.     Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

g.     Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h.     Award Plaintiff such other and further relief as may be just and proper.

-8-

1                                     CONSUMER LAW CENTER, INC.

2

3                                   By: /s/ Fred W. Schwinn
                                      Fred W. Schwinn, Esq.
                                      Attorney for Plaintiff

4                                         SAMUEL KWESI DADJO

5

6                       **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

7          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

8   named parties, there is no such interest to report.

9                                     /s/ Fred W. Schwinn
                                  Fred W. Schwinn, Esq.

10

11                            **DEMAND FOR JURY TRIAL**

12         PLEASE TAKE NOTICE that Plaintiff, SAMUEL KWESI DADJO, hereby demands a trial

13  by jury of all triable issues of fact in the above-captioned case.

14

15                                    /s/ Fred W. Schwinn
                                  Fred W. Schwinn, Esq.

16

17

18

19

20

21

22

23

24

25

26

27

28