Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
David B. Leas -- 238326
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for
DEFENDANT THOMPSON MAHAN & ASSOCIATES, D/B/A AMA COLLECTION SERVICES, a California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SAMUEL KWESI DADJO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMPSON, MAHAN & ASSOCIATES, INC., D/B/A AMA COLLECTION SERVICES, a California Corporation,<br><br>　　　　Defendants. | Case No.: C07-06421 EMC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*DEMAND FOR JURY TRIAL* |

Defendant THOMPSON, MAHAN & ASSOCIATES, INC., D/B/A AMA COLLECTION SERVICES, a California Corporation (hereinafter "Defendant") hereby responds to plaintiff's Complaint as follows:

1. Paragraph 1 does not require a response from Defendant.

2. As to Paragraph 2, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegation therein.

3. As to Paragraph 3, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations therein.

4. As to Paragraph 4, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations therein.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

5.   As to Paragraph 5, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations therein.

6.   As to Paragraph 6, Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations therein.

7.   As to Paragraph 7, Defendant admits AMA Collection Services is a California corporation.

8.   As to Paragraph 8, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

9.   As to Paragraph 9, Defendant admits the allegations therein.

10.  As to Paragraph 10, Defendant admits it sent the letter, but denies the other allegations therein.

11.  As to Paragraph 11, Defendant admits the allegations therein.

12.  As to Paragraph 12, Defendant admits the allegations therein.

13.  As to Paragraph 13, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

14.  As to Paragraph 14, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

15.  As to Paragraph 15, Defendant denies the allegations therein.

16.  As to Paragraph 16, Defendant denies the allegations therein.

17.  As to Paragraph 17, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

18.  As to Paragraph 18, Defendant admits the allegations therein.

19.  As to Paragraph 19, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

20.  As to Paragraph 20, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

21.  As to Paragraph 21, Defendant denies the allegations therein.

22.  As to Paragraph 22, Defendant denies the allegations therein.

23. As to Paragraph 23, Defendant admits it sent a second letter, but denies it is a "collection letter" or a "communication in an attempt to collect a debt."

24. As to Paragraph 24, Defendant admits a true and correct copy of the letter is attached to the complaint by reference, but denies it is a "collection letter."

25. As to Paragraph 25, Defendant admits the date of the letter is April 24, 2007, but denies it is a "collection letter".

26. As to Paragraph 26, Defendant admits the letter was post stamped on April 25, 2007, but denies it is a "collection letter."

27. As to Paragraph 27, Defendant possesses insufficient information and belief to know whether the letter was deposited in the mail on April 25, 2007, and denies this allegation, and further denies it is a "collection letter."

28. No response is required to Paragraph 28.

29. Defendant admits, denies and responds as set forth above.

30. As to Paragraph 30, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

31. As to Paragraph 31, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

32. As to Paragraph 32, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

33. As to Paragraph 33, Defendant denies, individually and collectively, the allegations therein.

34. As to Paragraph 34, Defendant denies, individually and collectively, the allegations therein.

35. As to Paragraph 35, Defendant denies the allegations therein.

36. As to Paragraph 36, Defendant denies the allegations therein.

37. No response is required to Paragraph 37.

38. Defendant admits, denies and responds as set forth above.

39. As to Paragraph 39, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

40. As to Paragraph 40, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

41. As to Paragraph 41, Defendant possesses insufficient information and belief to admit or deny, and therefore denies, the allegations therein.

42. As to Paragraph 42, Defendant denies, individually and collectively, the allegations therein.

43. As to Paragraph 43, Defendant denies, individually and collectively, the allegations therein.

44. As to Paragraph 44, Defendant denies the allegations therein.

45. As to Paragraph 45, Defendant denies the allegations therein.

46. As to Paragraph 46, Defendant denies the allegations therein.

47. As to Paragraph 47, Defendant denies the allegations therein.

48. No response is required to Paragraph 48.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

49. Defendant asserts that Plaintiff's claims fail, in whole or in part, to state cognizable claims for relief under the facts here.

### SECOND AFFIRMATIVE DEFENSE

50. Defendant alleges that any violation of the FDCPA or Rosenthal FDCPA was the result of an unintentional, bona fide error made in good faith under **15 U.S.C. § 1692k(c)** and/or **Civil Code § 1788.30(e)**.

### THIRD AFFIRMATIVE DEFENSE

51. Defendant alleges some or all of the claims are barred by virtue of the creditor's privilege arising under common law, or by virtue of the immunities found in **Civil Code § 47(c)** and **Civil Code § 1788.12(e)**.

### FOURTH AFFIRMATIVE DEFENSE

52. Defendant alleges that its actions were taken with the implied consent of the Plaintiff, and, otherwise, were not intended to harm or injure the Plaintiff, but only to communicate for the purpose of a legitimate business need.

### FIFTH AFFIRMATIVE DEFENSE

53. Defendant alleges that some or all of its communications with Plaintiff, if any, were intended solely to comply with the intent and applicable provisions of federal and state law, including, but not limited to, **Civil Code § 1785.26(b), Civil Code § 1032, Civil Code § 1812.700, and 15 U.S.C. § 1692g**.

### SIXTH AFFIRMATIVE DEFENSE

54. Defendant denies that it, in any way, willfully and/or intentionally violated any provision of federal or state law.

### SEVENTH AFFIRMATIVE DEFENSE

55. Defendant asserts the Complaint, and each cause of action therein, is barred by virtue of the doctrines of unclean hands, estoppel and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

56. Defendant alleges that the Complaint and each cause of action therein, is barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

57. Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

### TENTH AFFIRMATIVE DEFENSE

58. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER

WHEREFORE, Defendant hereby requests a jury trial, and prays as follows:

1. That Plaintiff take nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For costs of suit incurred herein; and

4. For reasonable attorney's fees pursuant to statute including, but not limited to, 15 U.S.C. § 1692k(a)(3), and Civil Code § 1788.30(e); and

5. For such other and further relief as the Court deems proper.

Dated: February 26, 2008

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By  /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for
DEFENDANT THOMPSON MAHAN & ASSOCIATES, D/B/A AMA COLLECTION SERVICES

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Rosanne Estrella, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On February 26, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Fred W. Schwinn<br>Consumer Law Center, Inc.<br>12 South First Street<br>Suite 1014<br>San Jose, CA 95113-2404 | Attorneys for<br>Plaintiff SAMUEL KWESI DADJO |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 26, 2008.

By /s/ Rosanne Estrella
Rosanne Estrella